**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Lawrence Robinson,<br><br>Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>Respondents. | No. CV-96-0669-PHX-JAT<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER RE: CERTIFICATE OF APPEALABILITY** |

In an order filed August 9, 1999, the Court found some of Petitioner's claims for habeas relief to be procedurally barred. (Dkt. 40.)[1] On March 21, 2005, following additional briefing on the merits of Petitioner's remaining claims, the Court denied relief on those claims and judgment was entered. (Dkts. 60, 61.) On May 12, 2005, the Court denied a motion for reconsideration. (Dkt. 63.) Petitioner filed a Notice of Appeal on June 9, 2005. (Dkt. 64.) Pending before the Court is Petitioner's Request for a Certificate of Appealability. (Dkt. 65.) Respondents have not opposed the request. Petitioner's request for a certificate of appealability will be granted to the extent set forth herein.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a certificate of appealability ("COA") or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be

---

[1] "Dkt." refers to documents in this Court's file.

established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. Id.

The Court finds that jurists of reason could debate the resolution of the following issues: (A) whether Claim 6(a) is procedurally barred; (B) whether Claim 6(b) and (c) were wrongly decided on the merits; and (C) whether Claim 8 was wrongly denied on the merits. The Court therefore grants a COA as to those issues. The Court denies a COA as to all other issues for the reasons set forth in its Orders of August 9, 1999, and March 21, 2005, in which the Court addressed Petitioner's arguments regarding exhaustion, procedural default, cause and prejudice, and the merits. (Dkts. 40, 60.)

Accordingly,

**IT IS ORDERED** that Petitioner's Request for Certificate of Appealability (dkt. 65) is **GRANTED IN PART** as to the following issues:

- Whether Claim 6(a), alleging that the especial cruelty finding was arbitrary in violation of Petitioner's Eighth and Fourteenth Amendment rights because there was insufficient evidence that he intended or reasonably foresaw the victim's suffering, is procedurally barred;

- Whether Claim 6(b), alleging that the especially depraved finding was arbitrary in violation of Petitioner's Eighth and Fourteenth Amendment rights because insufficient evidence supported it, fails on the merits;

- Whether Claim 6(c), alleging a violation of the Eighth and Fourteenth Amendments by the Arizona courts expansion of the narrowing construction given to the especially depraved prong in A.R.S. § 13-703(F)(6) as applied to Petitioner, was wrongly decided on the merits; and

- Whether Claim 8, alleging that trial counsel rendered ineffective assistance of counsel at sentencing by failing to investigate and present mitigation evidence in violation of the Sixth and Fourteenth Amendments, was wrongly decided on the merits.

**IT IS FURTHER ORDERED** that Petitioner's motion for certificate of appealability is otherwise **DENIED.** (Dkt. 65.)

DATED this 28th day of September, 2005.

*James A. Teilborg*
United States District Judge